**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1532-15T2

KAPIL GOEL,

    Appellant,

v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS,

    Respondent.

_____

Submitted June 7, 2017 — Decided  June 29, 2017

Before Judges Accurso and Lisa.

On appeal from the New Jersey Department of
Corrections.

Kapil Goel, appellant pro se.

Christopher S. Porrino, Attorney General,
attorney for respondent (Lisa A. Puglisi,
Assistant Attorney General, of counsel;
Christopher C. Josephson, Deputy Attorney
General, on the brief).

PER CURIAM

    Kapil Goel appeals from a November 4, 2015 final agency

decision of the Department of Corrections denying his request

for an international transfer to serve out his sentence in the

United Kingdom pursuant to N.J.S.A. 30:7d-1 and N.J.A.C. 10A:10-6.1 to -6.9.  Because there is no proof that the Commissioner's decision was made with malicious intent or on a constitutionally impermissible basis, we affirm.  See Shimoni v. N.J. Dep't of Corr., 412 N.J. Super. 218, 223-24 (App. Div. 2010).

Goel is a State prisoner housed at the Central Reception and Assignment Facility in West Trenton.  He was sentenced in 2009 to two consecutive six-year terms, each subject to the periods of parole ineligibility and supervision required by the No Early Release Act, N.J.S.A. 2C:43-7.2, following his guilty plea to two counts of vehicular homicide, N.J.S.A. 2C:11-5, and driving under the influence, N.J.S.A. 39:4-50.  The 2008 accident giving rise to his convictions took the lives of his two closest friends and roommates, passengers in his car when he drove into a telephone pole at over ninety miles per hour after a night of drinking.  He is scheduled for release in September 2018, when he will begin serving his three-year parole supervision term.  He is, however, subject to an Immigration and Customs Enforcement order of removal, apparently attendant to the expiration of his H1-B visa while serving his sentence.

In September 2014, Goel, a dual citizen of the United Kingdom and India, filed an application for an international transfer to the U.K. pursuant to N.J.A.C. 10A:10-6.1.  Goel

noted he met the eligibility criteria of N.J.A.C. 10A:10-6.3, and proposed his transfer to a U.K. prison would save the State the costs of his incarceration, ease overcrowding and allow him to "meet [his] family more often and help [him] towards a more productive re-integration into the society." Goel explained that although he received undergraduate and masters' degrees in biomedical engineering at Rutgers and was employed thereafter in Branchburg as an assistant scientist in a biotech company, he had few friends and no family in New Jersey. His parents, both physicians, lived in India but intended to retire to the U.K.[1] where they would be able to visit him regularly and assist in his reintegration into society upon release.

The DOC processed Goel's application and solicited comment from the Attorney General, the Middlesex County Prosecutor and the sentencing judge. See N.J.A.C. 10A:10-6.6(a)(5). The sentencing judge raised no objection to the transfer, but the Prosecutor was strenuously opposed. Although acknowledging that Goel had no prior criminal record, the Prosecutor noted Goel's blood alcohol level was twice the legal limit at the time of the accident, and that he had been convicted of seven moving violations in a three-year period between 2004 and 2006. The

---

[1] Goel's mother passed away in 2015 while his application for transfer was pending.

Prosecutor asserted that one of the victims' families was opposed to the transfer and there was no indication that transferring Goel would ease overcrowding or custody problems related to language or cultural differences. The Attorney General likewise opposed the request.

The Commissioner denied Goel's transfer request in September 2015, noting that international transfers are rare and have been approved only "when there was significant evidence that the transfer . . . would serve to meet critical social and rehabilitative goals for the offender," absent here. Goel filed an administrative appeal, contending the Commissioner should not have considered the comments of the Prosecutor and the Attorney General because they were received after the thirty-day period permitted for comment in the regulation, and that his driving record reflected, not recklessness, but having learned to drive in India.

The Commissioner denied the appeal on November 4, 2015. He determined, based on the materials provided, including the comments of law enforcement and Goel's history, that he was "educated and gainfully employed in the United States," that "there are no social or rehabilitative barriers that would warrant [his] transfer to another country" and that "transfer

would not serve to meet critical social or rehabilitative goals."

Goel appeals, contending the DOC failed to follow its own regulations and to consider material information presented, resulting in the infliction of "atypical and significant hardship" on him.  We disagree.

Our review of the Commissioner's denial of a prisoner's application for international transfer is extremely constrained, as the usual standard of review of agency decisions, already limited, does not apply.  Shimoni, supra, 412 N.J. Super. at 223-24.  Although the Department is required to follow its own regulations governing applications for transfer, there is no entitlement to a hearing, "and the Commissioner's decision may not be overturned unless made with malicious intent or on a constitutionally impermissible basis.  Id. at 224.

Applying that standard here provides no basis for reversal of the Commissioner's decision.  The purpose of the statute permitting international transfer of State prisoners is to "contribute to the easing of overcrowded conditions in the State prisons" and "increase rehabilitation of the person and reduce custody problems in the State related to cultural and language differences."  Senate Health and Welfare Committee, Statement to Senate Bill No. 2229, reprinted in N.J.S.A. 30:7D-1.  The

Commissioner denied Goel's transfer based on the objections received by the Prosecutor, who is statutorily permitted to comment, and the failure of the transfer to advance any of the statute's goals.[2]

The Commissioner's expressed reasons for the denial bear no hint of malice or constitutional infirmity. Although both the Middlesex County Prosecutor and the Attorney General submitted their comments beyond the thirty-day period allotted, the delay does not appear attributable to the Department, which made multiple requests for the information. We certainly cannot find the Commissioner erred in considering the comments of law enforcement under those circumstances. Cf. King v. N.J. Racing Comm'n, 103 N.J. 412, 421 (1986) (discussing the difference between agency efficiency and agency responsibility). Goel's contention that the Commissioner was likely to have approved his

---

[2] It appears from the record that, although Goel had been admitted to graduate school in the U.K. shortly before the accident and was preparing to matriculate there, he had not lived in the U.K. since he was seven years old. Goel spent the bulk of his upbringing in India. His parents, both physicians, were still living there at the time Goel applied for transfer to the U.K. to serve the remainder of his sentence. Although Goel's parents were apparently intending to retire to the U.K. in the event of his transfer, the record does not demonstrate any existing network of family or friends at the time he made his transfer request. The record further demonstrates that Goel had adjusted to his incarceration, taking classes and participating fully in the opportunities provided for input into the administration of the facility.

request in the absence of the belatedly-received comments is both completely speculative and ignores the Commissioner's finding that the transfer failed to advance any of the Legislature's goals in enacting the transfer statute.

While it is unfortunate that Goel has been imprisoned so far from his family and that his mother has passed during his incarceration, those facts are insufficient to reverse the Commissioner's decision denying Goel's request for an international transfer.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION